NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2089
_____

IRENE NOVOSAD;
KATHY MORRIS

v.

BROOMALL OPERATING COMPANY LP;
SAVASENIORCARE ADMINISTRATIVE SERVICES LLC,
                                                    Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-06252)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 6, 2017

Before:  CHAGARES, SCIRICA and FISHER, *Circuit Judges*.

(Filed: April 10, 2017)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Does an arbitration clause stating that it "covers only claims by individuals and does not cover class or collective actions" nonetheless require that a putative class and collective action for overtime pay be sent to arbitration? The District Court thought not. We will affirm.

I

Plaintiffs are Irene Novosad and Kathy Morris. Their former employers, Broomall Operating Co., LP and SavaSeniorCare, LLC, are the defendants. Plaintiffs filed this putative class and collective action against defendants under the Fair Labor Standards Act and analogous Pennsylvania wage and hour statutes. They allege that defendants failed to pay proper overtime compensation. Defendants moved to compel arbitration, pointing to an arbitration clause in an Employment Dispute Resolution Program book that plaintiffs agreed to as a condition of employment. The clause makes arbitration "the only means of resolving employment related disputes."[1] At the same time, however, the clause also states that it "covers only claims by individuals and does not cover class or collective actions."[2] The District Court read this latter sentence as unambiguously carving out class and collective actions from mandatory arbitration and accordingly denied defendants' motion. This appeal followed.

II

---

[1] J.A. 49a.
[2] *Id.*

2

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under 9 U.S.C. § 16(a)(1)(B). "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate."[3]

## III

We agree with the District Court that the arbitration clause's plain language excludes class and collective actions from mandatory arbitration. Defendants' contrary argument renders that provision of the clause superfluous. It makes little sense for the clause to state that it "covers only claims by individuals and does not cover class or collective actions" only to require arbitration of such suits. We recognize, of course, that there is a strong federal policy favoring arbitration. But that policy has its limits, and courts apply the presumption of arbitrability "only where a validly formed and enforceable arbitration agreement is ambiguous about whether it covers the dispute at hand."[4] Here, the text of the arbitration clause controls. That clause, we hold, unmistakably provides that plaintiffs' class and collective actions need not be subject to arbitration.

## IV

For the forgoing reasons, we will affirm the District Court's order.

---

[3] *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177 (3d Cir. 2010) (en banc).
[4] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 (2010); *see CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 173 (3d Cir. 2014).